UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>        Plaintiff,<br> v.<br><br>FRANCIS L. HAMILTON and IAN R. HAMILTON,<br><br>        Defendants. | CASE NO. C20-6046 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT GUARDIAN AD LITEM |

  This matter comes before the Court on Plaintiff Life Insurance Company of North America's ("LINA") motion to appoint guardian ad litem for Defendant Francis Hamilton. Dkt. 7. Francis[1] was served with the summons, complaint, and motion on April 9, 2021. Dkt. 9. No opposition has been filed.

  In this interpleader action, Defendants Francis and Ian Hamilton are 50% beneficiaries of a life insurance police and accidental death insurance policy issued to their mother, Phyllis Hamilton. Phyllis Hamilton died as a result of gunshot wounds, and

---

[1] The Court uses first names for clarity and intends no disrespect.

Francis was arrested for her murder but deemed incompetent to stand trial. Dkts. 1-5, 1-7. LINA informed the Court that it understood Francis was civilly committed to Western State Hospital, Dkt. 7 at 3, and service was made on him there, Dkt. 9.

The total benefit under the policies is $70,000, and half has already been paid to Ian. LINA seeks appointment of a guardian ad litem to represent Francis's legal interests pursuant to Federal Rule of Civil Procedure 17(c) because it cannot determine whether Ian or Francis should receive the remaining $35,000 due to the potential application of the common law "slayer rule." Dkt. 7 at 3 (citing *Parrott-Horjes v. Rice*, 168 Wn. App. 438 (2012); *Mut. Life Ins. Co. of N.Y. v. Armstrong*, 117 U.S. 591 (1886)).

The Court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action. Fed. R. Civ. P. 17(c)(2). Based on the determination that Francis was incompetent to stand trial and unlikely to be restored to competency, Dkt. 1-7, and the representation that he is currently civilly committed, the Court is reasonably convinced Francis is not competent to understand the significance of legal proceedings and the effect of such proceedings on his best interests, and the appointment of a guardian is appropriate. *Graham v. Graham*, 40 Wn.2d 64, 66–67 (1952).

Based on a review of his credentials and his service in other cases before the Court, the Court concludes that Anthony Alfieri is a fit and proper person to serve as litigation guardian ad litem for Francis Hamilton. Mr. Alfieri is appointed as litigation guardian ad litem and is authorized to retain counsel to pursue the claim for the remaining insurance proceeds. Mr. Alfieri or retained counsel shall inform the Court if

Francis objects to the appointment. *See In re Marriage of Blakely*, 111 Wn. App. 351, 360 (2002) (citing, among others, RCW 4.08.060; *Graham*, 40 Wn.2d at 68–69). Additionally, care should be taken to conserve resources expended on this matter in light of the limited potential recovery.

The Clerk shall send a copy of this order to:

Anthony V. Alfieri
Attorney at Law (WSBA #24036)
13220 NE 80th St
Redmond, WA 98052
Phone: 425-497-8000
Fax: 425-497-8066
Email: ava@alferilawoffice.com

**IT IS SO ORDERED.**

Dated this 11th day of May, 2021.

BENJAMIN H. SETTLE
United States District Judge